IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD GLEN STURGEON, § | | |
| TDCJ #880922, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-3561 | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

The petitioner, Richard Glen Sturgeon (TDCJ #880922), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Sturgeon has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.     BACKGROUND**

Sturgeon indicates that he was convicted of aggravated robbery on March 12, 2004, by a jury in the 182nd District Court of Harris County, Texas, in cause number 812784. Sturgeon received a twenty-five year prison sentence in that case. The conviction was affirmed by an intermediate state appellate court. *See Sturgeon v. State*, No. 14-04-311-CR

(Tex. App.— Houston [14th Dist.] Aug. 23, 2005). The Texas Court of Criminal Appeals reportedly refused Sturgeon's petition for discretionary review on January 6, 2006, as untimely filed.

On July 6, 2006, Sturgeon filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. Sturgeon reports that the Texas Court of Criminal Appeals dismissed that application on August 23, 2006, without considering the merits, after finding that his application failed to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. That rule requires an applicant for post-conviction habeas corpus relief to follow a particular form and to specify all grounds for relief by setting forth in summary fashion the facts supporting each ground. *See* TEX. R. APP. P. 73.1(c). Sturgeon has filed an amended application under Article 11.07, stating "grounds in more depth" in an effort to comply with Rule 73.1. There has been no ruling to date, however, on the amended application.

Sturgeon now seeks a federal writ of habeas corpus to challenge the conviction under 28 U.S.C. § 2254. Sturgeon contends that he is entitled to relief for the following reasons: (1) newly available evidence shows that he is innocent of the underlying offense; (2) the trial court erred by admitting an in-court identification in violation of due process; (3) he was denied effective assistance of counsel because his attorney failed to investigate whether or not co-defendants were promised leniency in exchange for their testimony; (4) he was denied effective assistance of counsel because his attorney did not request DNA testing of biological material to determine his innocence; (5) his right to due process was violated when the co-defendants who testified against him failed to disclose a promise of leniency from the

State in exchange for their testimony; (6) the State violated his right to due process by failing to disclose a promise of leniency made in exchange for the testimony of his co-defendants; (7) he was denied effective assistance of counsel when his attorney failed to secure the testimony of an expert witness; and (8) he was denied effective assistance of counsel when his attorney failed to obtain and introduce phone records which would have established an alibi.

It is apparent that the Texas Court of Criminal Appeals has not yet addressed the merits of Sturgeon's claims because he has only recently raised them properly in an amended state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  Because the state's highest court of criminal jurisdiction has not yet completed its review of that application, the pending federal petition must be dismissed for reasons that follow.

II.     **EXHAUSTION OF REMEDIES**

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v.*

*Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts."  *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, and (2) he may also file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas).

Sturgeon provides a supplement to his petition, which outlines the procedural history of his case.  As noted above, the Texas Court of Criminal Appeals dismissed Sturgeon's first

state habeas corpus application without considering the merits because Sturgeon failed to comply with Rule 73.1 of the Texas Rules of Appellate Procedure by providing the requisite detail in support of his claims. The exhaustion requirement is satisfied only when the specific constitutional grounds urged in a federal habeas petition were presented to the state's highest court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Because Sturgeon's first state habeas application was dismissed for procedural reasons, his failure to present his claims in a procedurally proper manner does not satisfy the exhaustion requirement.

As with this first state habeas corpus application, the federal habeas corpus petition filed by Sturgeon is also lacking in critical detail. Sturgeon outlines his claims, but he does not provide facts in support. Sturgeon asserts that he has filed an amended state habeas corpus application in an attempt to cure the procedural shortcomings found in his first submission. Because his first application was dismissed for procedural reasons, and not denied on the merits, state habeas corpus review of this amended application remains available. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (noting that, according to "[Texas] writ jurisprudence, a 'denial' signifies that [the court] addressed and rejected the merits of a particular claim while a 'dismissal' means that [the court] declined to consider the claim for reasons unrelated to the claim's merits"). Because this state process remains available, the petition is not exhausted and the petitioner does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the

Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

### III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV. CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **November 17, 2006.**

_____
Nancy F. Atlas
United States District Judge